# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY R. PRICE,<br><br>    Plaintiff,<br><br>    v.<br><br>STANISLAUS COUNTY<br>SHERIFF'S DEPT.,<br><br>    Defendant.<br>_____/ | CASE NO. 1:06-cv-00255-OWW-NEW (DLB) PC<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

I.   Screening Order

　　A.   Screening Standard

Plaintiff Jeffrey R. Price ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 7, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2   exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534
3   U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a
4   short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.
5   Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's
6   claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may
7   dismiss a complaint only if it is clear that no relief could be granted under any set of facts that
8   could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff
9   will ultimately prevail but whether the claimant is entitled to offer evidence to support the
10  claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and
11  unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting
12  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171
13  (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .
14  .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal
15  pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490
16  U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply
17  essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin.,
18  122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.
19  1982)).
20           B.      Plaintiff's Eighth Amendment Claim
21       Plaintiff was an inmate housed at the Stanislaus County Jail when the events at issue in
22  this action allegedly occurred. Plaintiff seeks money damages and injunctive relief from the
23  Stanislaus County Sheriff's Department for allegedly violating his rights under the Eighth
24  Amendment. Plaintiff's claim arises from the alleged failure to provide him with medication
25  previously prescribed for his medical problems.
26       A local government unit may not be held responsible for the acts of its employees under a
27  respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658,
28  691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of

1  Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002).  Rather, a local government unit may only be held
2  liable if it inflicts the injury complained of.  Gibson, 290 F.3d at 1185.
3       Generally, a claim against a local government unit for municipal or county liability
4  requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force'
5  behind the constitutional violation . . . suffered."  Galen v. County of Los Angeles, 477 F.3d 652,
6  667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989).  Alternatively,
7  and more difficult to prove, municipal liability may be imposed where the local government
8  unit's omission led to the constitutional violation by its employee.  Gibson at 1186.  Under this
9  route to municipal liability, the "plaintiff must show that the municipality's deliberate
10 indifference led to its omission and that the omission caused the employee to commit the
11 constitutional violation."  Id.  Deliberate indifference requires a showing "that the municipality
12 was on actual or constructive notice that its omissions would likely result in a constitutional
13 violation."  Id.
14      In this instance, plaintiff's claim is based on the failure of jail staff members to issue him
15 medication that was previously prescribed for migraines and degenerative disk and joint disease.
16 The Sheriff's Department is the only defendant named in this action and the complaint is devoid
17 of any facts supporting a claim against it under a municipal liability theory.  Plaintiff may not
18 seek to hold the Sheriff's Department liable simply because it is the employer of the jail staff.
19 Plaintiff fails to state a claim against the Sheriff's Department under section 1983.
20      In addition, plaintiff's allegations fall short of supporting a claim that any individual staff
21 members acted or failed to act in a manner that rose to the level of a constitutional violation.  To
22 constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
23 conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman,
24 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the
25 level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of
26 the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with
27 deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)
28 (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison

official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  Plaintiff's disagreement with the choice of medication prescribed and/or the decision to discontinue medication is insufficient to support a claim for relief under section 1983.

### C. Conclusion

The court finds that plaintiff's complaint does not state a claim upon which relief may be granted under section 1983.  The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **July 21, 2007**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE