# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY R. PRICE, | CASE NO. 1:06-cv-00255-OWW-NEW (DLB) PC |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH ONE FINAL OPPORTUNITY TO AMEND |
| v. | |
| STANISLAUS COUNTY SHERIFF'S DEPT., et al., | (Doc. 10) |
| Defendants. | SECOND AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

I.   Screening Order

    A.   Screening Standard

Plaintiff Jeffrey R. Price ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 7, 2006. On July 23, 2007, the court dismissed plaintiff's complaint, with leave to amend, for failure to state a claim. On August 27, 2007, plaintiff filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.      Plaintiff's Eighth Amendment Claim

Plaintiff is an inmate housed at a jail in Modesto, where the events at issue in this action are allegedly occurring. Plaintiff seeks money damages and injunctive relief from the California Forensic Medical Group, which is a medical contractor for the Stanislaus County Jail, and the supervising doctor and nurse at the jail. Plaintiff's claim arises from the alleged failure to provide him with medication previously prescribed for his medical problems, in violation of his rights under the Eighth Amendment.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

1.   California Forensic Medical Group

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Generally, private parties are not acting under color of state law. Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S.Ct. 924, 930 (2001); Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746-47 (9th Cir. 2003); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999); Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). However, private parties under contract with the government may be held liable under section 1983. Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295-96, 121 S.Ct. 924, 930 (2001). In light of notice pleading standards, plaintiff's allegation that the California Forensic Medical Group is a medical contractor at the jail is sufficient allow plaintiff to bring suit under section 1983 against it as if it is a local government unit.

///

However, as plaintiff was previously informed, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

In this instance, plaintiff's claim is based on the failure of jail staff members to issue him medication that was previously prescribed for migraines and degenerative disk and joint disease. Although "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim, " Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), the alleged failure to provide plaintiff with any medical treatment for his condition, which has caused plaintiff to unnecessarily endure severe pain, is sufficient to provide a basis upon which to impose liability under section 1983. However, the amended complaint is devoid of any facts supporting a claim against the California Forensic Medical Group under a theory of municipal liability. Plaintiff must either allege facts sufficient to support a municipal liability claim against the California Forensic Medical Group or

///

name the individuals who are directly responsible for denying him medical treatment and causing him to suffer in pain.

2.     Supervising Doctor and Nurse

In addition to the California Forensic Medical Group, plaintiff names the unidentified supervising doctor and nurse. Liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has not alleged any facts indicating that the supervising doctor and nurse personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Accordingly, plaintiff's allegations fall short of what is necessary to give rise to a cognizable claim for relief under section 1983 against either individual.

C.     Conclusion

The court finds that plaintiff's amended complaint does not state a claim upon which relief may be granted under section 1983. The court will provide plaintiff with one final opportunity to amend to cure the deficiencies identified by the court in this order.

///

1     Plaintiff is informed he must demonstrate in his complaint how the conditions
complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v.
Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each
named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is
some affirmative link or connection between a defendant's actions and the claimed deprivation.
<u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980);
<u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

    An amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); accord <u>Forsyth</u>, 114 F.3d at 1474.

    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file a second amended complaint; and

4. If plaintiff fails to file a second amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

    IT IS SO ORDERED.

**Dated:**   **September 5, 2007**          /s/ **Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE