1

**JWB**

2

3

4

5

6

# IN THE UNITED STATES DISTRICT COURT

7

## FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   Jeffrey R. Price,                                    )   No. CV 1-06-0255-FRZ

)

10                    Plaintiff,                          )   **ORDER**

)

11   vs.                                                  )

)

12   Stanislaus Co. Sheriff's Dept., et al.,              )

)

13                    Defendants.                         )

)

14

15   **I.      Background**

16          Plaintiff Jeffrey R. Price, who is confined in the Deuel Vocational Institution in Tracy,

17   California, has filed a *pro se* civil rights Second Amended Complaint pursuant to 42 U.S.C.

18   § 1983 (Doc. # 12).  United States Magistrate Judge Dennis Beck issued an Order (Doc. #

19   9) dismissing the Complaint for failure to state a claim and giving Plaintiff an opportunity

20   to file an amended complaint that cured the deficiencies identified in the Order.

21          Plaintiff filed a First Amended Complaint (Doc. # 10).  Magistrate Judge Beck issued

22   an Order (Doc. # 11) dismissing the First Amended Complaint for failure to state a claim.

23   In addition to noting multiple deficiencies in the First Amended Complaint, Magistrate Judge

24   Beck stated:

25                 Plaintiff is informed he must demonstrate in his complaint how
                   the conditions complained of have resulted in a deprivation of
26                 plaintiff's constitutional rights.  The complaint must allege in
                   specific terms how each defendant is involved.  There can be no
27                 liability under 42 U.S.C. § 1983 unless there is some affirmative

28

1
2

> link or connection between a defendant's actions and the claimed deprivation.

3    (Doc. # 11 at 6) (citations omitted).  Magistrate Judge Beck gave Plaintiff "one final

4    opportunity" to file a second amended complaint that cured the multiple deficiencies

5    identified in the Order (id. at 5).

6        Plaintiff filed a Second Amended Complaint (Doc. # 12). This case was reassigned

7    to the undersigned judge on November 25, 2008 (Doc. # 15).

8    **II.    Statutory Screening of Prisoner Complaints**

9        The Court is required to screen complaints brought by prisoners seeking relief against

10   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

11   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

12   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

13   be granted, or that seek monetary relief from a defendant who is immune from such relief.

14   28 U.S.C. § 1915A(b)(1), (2).

15   **III.   Second Amended Complaint**

16       In his Second Amended Complaint, Plaintiff sues the following Defendants: (1)

17   Stanislaus County Sheriff's Department; (2) Stanislaus County Sheriff's Department Facility

18   Commanders; (3) Stanislaus County Sheriff's Department Operations Sergeants; (4)

19   California Forensic Medical Group; (5) Dr. Cottrell, M.D; and (6) Doe R.N.s (Doc. # 12 at

20   1).  Plaintiff alleges that since April 2004, Defendants have failed to provide him with

21   medication and supplies for migraines and degenerative disk and joint disease.  Plaintiff

22   claims that as a result he has suffered extreme pain and suffering and emotional distress.  He

23   seeks injunctive relief and unspecified monetary damages.

24   **III.   Failure to State a Claim**

25       Plaintiff has failed to cure the deficiencies from his two prior pleadings.  His Second

26   Amended Complaint fails to allege any affirmative act by any Defendant to show how that

27   Defendant is responsible for an alleged constitutional violation.  Plaintiff has also failed to

28   alleged how the supervisory or municipal Defendants' policies were the "moving force"

1   behind any constitutional violation.  Indeed, Plaintiff's Second Amended Complaint makes

2   clear that he is alleging that whomever failed to provide him medication acted in

3   *contravention* of policies the supervisory and municipal Defendants had enacted.  This is

4   patently insufficient to state a claim for relief under § 1983.

5   **IV.   Dismissal without Leave to Amend**

6        Leave to amend need not be given if a complaint as amended is subject to dismissal.

7   Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989).  The Court's

8   discretion to deny leave to amend is particularly broad where Plaintiff has previously been

9   permitted to amend his complaint.  See Sisseton-Wahpeton Sioux Tribe v. United States, 90

10  F.3d 351, 355 (9th Cir. 1996).  Failure to cure deficiencies by previous amendments is one

11  of the factors to be considered in deciding whether justice requires granting leave to amend.

12  Moore, 885 F.2d at 538.

13       Plaintiff has made three efforts at crafting a viable complaint.  Plaintiff apparently

14  gave little heed to, or was unable to comply with, the Court's instructions.   Further

15  opportunities would be futile.   Therefore, the Court, in its discretion, will not grant Plaintiff

16  further leave to amend and will dismiss the Second Amended Complaint without leave to

17  amend.

18       **IT IS ORDERED** that the Second Amended Complaint (Doc. # 12) is **dismissed**

19  **with prejudice** for failure to state a claim.   The Clerk of Court must enter judgment

20  accordingly and close this case.

21       DATED this 30th day of January, 2009.

22

23

24

25                                        FRANK R. ZAPATA

26                                        United States District Judge

27

28

- 3 -